IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ISMAEL HERNANDEZ PADILLA,

   Petitioner,

v.             Civil Action No. 18-1016-RGA

UNITED STATES SUPREME COURT,
and ATTORNEY GENERAL FOR THE
STATE OF TEXAS,

   Respondents.

## **MEMORANDUM**

### I. BACKGROUND

Petitioner Ismael Hernandez Padilla ("Petitioner") has filed a form Petition for A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) Petitioner was convicted of aggravated robbery and aggravated rape in Dallas County, Texas on May 3, 1983, and was sentenced to fifty years and twenty years of imprisonment, respectively. *See Padilla v. Stephens*, 2014 WL 1016096, at *2 (N.D. Tex. Mar. 14, 2014). He is presently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division in Texas. *Id.*

### II. STANDARD OF REVIEW

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

The face of the instant Petition clearly demonstrates that Petitioner is not in custody in the State of Delaware and that he is not challenging a sentence or conviction imposed by the State of Delaware. See 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Therefore, summary dismissal is appropriate because the Court does not have jurisdiction over the instant proceeding.

## IV. CONCLUSION

For the aforementioned reasons, the Court will summarily dismiss Petitioner's § 2254 Petition for lack of jurisdiction. Consequently, the Court will dismiss as moot his Motion for Leave to Proceed *In Forma Pauperis*. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: September 19, 2018

UNITED STATES DISTRICT JUDGE