IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ISMAEL HERNANDEZ PADILLA,    :
                        :
        Petitioner,        :
                        :
v.                      :    Civil Action No. 18-1016-RGA
                        :
UNITED STATES SUPREME COURT,  :
and ATTORNEY GENERAL FOR THE  :
STATE OF TEXAS,            :
                        :
        Respondents.      :

---

## MEMORANDUM

## I.    INTRODUCTION

Presently pending before the Court is Petitioner Ismael Hernandez Padilla's Motion for

Reconsideration under Federal Rule of Civil Procedure 60(b)(1) asking the Court to reconsider

its September 2018 dismissal of his habeas petition for lack of jurisdiction. (D.I. 12; D.I. 13)

Although not entirely clear, Petitioner appears to assert that reconsideration should be granted

because rulings issued by the United States Supreme Court and "appeals courts" violate his right

to be protected from double jeopardy, his due process rights, and his right to equal protection,

and also deny him access to the courts. (D.I. 14 at 1) For the reasons discussed, the Court will

deny the Motion for Reconsideration.

## II.    BACKGROUND

Petitioner was convicted of aggravated robbery and aggravated rape in Dallas County,

Texas on May 3, 1983, and was sentenced to fifty years and twenty years of imprisonment,

respectively. *See Padilla v. Stephens*, 2014 WL 1016096, at *2 (N.D. Tex. Mar. 14, 2014). He is presently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division in Texas. *Id.*

In July 2018, Petitioner filed in this Court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, asserting that, in general, federal courts have been: imposing illegal sanctions upon him and other prisoners; imposing illegal punishments; violating due process; denying access to the courts; and violating his right to equal protection. (D.I. 2 at 14) Petitioner stated that he was not challenging his convictions "but [rather] his civil rights issues[sic] to be free of prejudices and discriminations, as well as uncharged convictions for same offenses in violation of the 8th Amendment." (D.I. 2 at 6) The relief he requested was to "start serving his parole when his time arose/arise to be paroled out" and "damages for illegal incarcerations, punishments, physical, mental and emotional distresses and other harms received while illegally incarcerated." (D.I. 2 at 15) The Court denied Petitioner's petition for lack of jurisdiction under 28 U.S.C. § 2254 because Petitioner was not challenging a sentence or conviction imposed by the State of Delaware and he is not in custody in the State of Delaware. (D.I. 12 at 2)

## III. STANDARD OF REVIEW

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). However, a motion for

reconsideration and/or to reopen is not appropriate to reargue issues that the court has already

considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## IV.  DISCUSSION

In his Motion, Petitioner appears to re-assert his general complaints that he presented in

his petition. Significantly, he does not assert an intervening change in law, the availability of

previously unavailable evidence, or a "clear error of law" of the sort that would compel

reconsideration of the Court's conclusion that it lacks jurisdiction over the instant proceeding.

Petitioner has not provided any information shedding doubt on the Court's conclusion that he is

not incarcerated in Delaware or that he is not challenging a conviction issued by a Delaware state

court. To the extent Petitioner seeks monetary relief for alleged civil rights violations, the Court

notes that it does not have jurisdiction under 28 U.S.C. § 2254 to consider those matters.

Accordingly, the Court concludes that Petitioner is not entitled to relief under Rule 60(b)(1).[1]

## V.  CONCLUSION

For the aforementioned reasons, the Court will deny the instant Motion for

Reconsideration. In addition, the Court will not issue a certificate of appealability, because

reasonable jurists would not debate whether the Rule 60(b) Motion states a valid claim of the

denial of a constitutional right or the propriety of this Court's procedural rulings with respect to

Petitioner's claims. *See* 28 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see

also Buck v. Davis*, 137 S.Ct. 759, 773, 775 (2017); *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir.

---

[1] The Court's cursory review of Pacer reveals that Petitioner is a frequent filer of frivolous suits.
*See, e.g., Padilla v. United States*, Civ. A. 19-587-CBN, Findings, Conclusions, and
Recommendation of the United States Magistrate Judge, D.I. 3 (N.D. Tx. Mar. 19, 2019).

1999) (certificate of appealability required to appeal denial of Rule 60(b) motion). A separate Order will be entered.

Dated: July 12, 2019

UNITED STATES DISTRICT JUDGE